UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE: _____

LESLIE SANTOS,

    Plaintiff,

vs.

CORNERSTONE VACATION OWNERSHIP, LLC, and CORY STEGEMANN,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **LESLIE SANTOS**, sue Defendants, **CORNERSTONE VACATION OWNERSHIP, LLC**, and **CORY STEGEMANN**, in his individual capacity (collectively referred to as "Defendants") and alleges:

1. This is an action for minimum wage, overtime compensation, liquidated damages, reasonable attorneys fees and costs, and other relief under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

### Jurisdiction and Venue

2. The Court has jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. § 216(b); 28 U.S.C. §1331; 28 U.S.C. §1337; and 28 U.S.C. §1343. The Court has authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. § 2201 *et seq*.

3. Venue is proper pursuant to 28 U.S.C. §1331 as Plaintiff was employed within the Southern District of Florida by Defendant; Defendant at all material times conducted business in

the Southern District of Florida; and/or pursuant to 28 U.S.C. §§ 1391(b) and (c), because the acts that gave rise to the Plaintiff's claims occurred within the Southern District of Florida and because Defendant is subject to personal jurisdiction therein.

### Parties

4. At all times material hereto, Plaintiff, **LESLIE SANTOS**, is an individual over eighteen years of age, otherwise *sui juris*, a citizen of the State of Florida, and an "employee" of Defendant as defined by the FLSA.

5. Plaintiff, LESLIE SANTOS, was employed by Defendant from June 15, 2019 until August 25, 2019 as a receptionist for Defendant in Fort Lauderdale, Broward County, Florida without any managerial duties or functions.

6. Defendants, **CORNERSTONE VACATION OWNERSHIP, LLC**, was and is a Florida Limited Liability Company (Florida corporate document number L18000131364), was an enterprise covered by the FLSA, engaged in commerce as a vacation ownership company, was Plaintiff's "employer" as defined by 29 U.S.C. § 203(r) and 203 (s), and engaged along with its employees in interstate commerce and/or utilizes goods in the flow of commerce across state lines.

7. At all times material hereto, Defendant, **CORY STEGEMANN**, is an individual over eighteen years of age, a citizen of the State of Florida, and is otherwise *sui juris*.

8. Defendant, **CORY STEGEMANN**, was and continues to be an Manager/Officer/Director/CEO of Defendant **CORNERSTONE VACATION OWNERSHIP, LLC**. At all times material hereto, Defendant, **CORY STEGEMANN**, was acting in the interests of the corporate Defendants and responsible for its pay policies and compliance with the Fair Labor Standards Act.

### General Allegations

9. Plaintiff performed work directly essential to the business performed by Defendants **CORNERSTONE VACATION OWNERSHIP, LLC**, and **CORY STEGEMANN**, and Defendants failed to pay Plaintiff the full and proper minimum wage and overtime wages for all hours worked in excess of forty (40) within a work week in violation of 29 U.S.C. §§ 201-209, and failed to pay <u>any</u> wages at all from June 15, 2019 until August 25, 2019.

10. Defendants, **CORNERSTONE VACATION OWNERSHIP, LLC**, and **CORY STEGEMANN**, have knowingly and willfully refused to pay Plaintiff their legally-entitled wages.

11. The records, if any, concerning the date range of Plaintiffs' employment, the number of hours Plaintiff actually worked, and the compensation actually paid to Plaintiff are in the possession and/or control of Defendants; however, Plaintiff has attached a statement of claim as Exhibit A to provide initial estimates of his damages. These amounts may change as Plaintiff engages in the discovery process.

12. Plaintiff have complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

13. Plaintiff have retained the services of the undersigned and is obligated to pay for the legal services provided.

**COUNT I – VIOLATIONS OF FLSA: UNPAID OVERTIME COMPENSATION**

Plaintiff **LESLIE SANTOS** realleges and reavers the allegations of Paragraphs 1 through 13 as fully set forth herein, and further alleges:

14. Plaintiff's employment with Defendants was based on an hourly rate of pay.

15. From the first week of employment with Defendant and through to the last, Plaintiff worked in excess of 40 hours per week for which he was not compensated at the statutory rate of time and one-half.

16. Plaintiff was entitled to minimum wages and to be paid at the rate of time and one-half for all hours he worked in excess of the maximum hours provided for in the FLSA.

17. Defendants willfully and intentionally refused to pay Plaintiff minimum wages, straight time wages and overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages and straight time for the time period specified above.

18. Defendants knew of and/or showed reckless disregard for the provision of the FLSA as evidenced by its failure to compensate Plaintiff for any hours worked, and at the statutory rate of time and one-half for all hours he worked in excess of forty (40) hours per week when it knew or should have known such was due.

19. Defendants failed to properly disclose or apprize Plaintiff of his rights under the FLSA.

20. Defendants knew of and/or showed reckless disregard for the provision of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of time and one-half for all hours she worked in excess of forty (40) hours per week when it knew or should have known such was due.

21. As a direct and proximate result of the willful disregard of the FLSA by Defendants, Plaintiff is entitled to liquidated damages.

22. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered lost wages, plus an equal amount as liquidated damages.

23. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

Wherefore, the Plaintiff **LESLIE SANTOS** respectfully requests that judgment be entered in his favor against Defendants, **CORNERSTONE VACATION OWNERSHIP, LLC**, and **CORY STEGEMANN**, jointly and severally, declaring, pursuant to 28 U.S.C. §2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provision of the FLSA, awarding Plaintiff backpay, overtime compensation, liquidated damages, reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. §216(b); post judgment interest; and Ordering any other further relief this Court deems to be just and proper, and Plaintiff hereby demands a trial by jury on all issues so triable.

**Dated: October 31, 2019**

Respectfully submitted,

By:   /s/ Daniel B. Reinfeld
DANIEL B. REINFELD, ESQ.
Florida Bar No.: 174815
DANIEL B REINFELD PA
Attorneys for Plaintiff
2450 Hollywood Blvd., Suite 706
Hollywood, FL 33020
Telephone: (954) 923-6110
Facsimile: (954) 628-5054
E-Mail: dan@reinfeldlaw.com

# Exhibit A
# STATEMENT OF CLAIM

## Unpaid Overtime and Minimum Wages

| Actual or estimated work dates[1] | Weeks[1] | Hours for which payment is sought[1] | FLSA Equivalent Regular Hourly Rate[1] | Minimum Wage Hourly Rate[2] | Overtime Hourly Rate[1] | Total Unpaid Overtime/ Minimum Wages[1] | Total Liquidated Damages[1] |
|---|---|---|---|---|---|---|---|
| 6/15/19-8/25/19 | 8 | 446.80 | $15.00 | $8.46 | $22.50 | $6,701.91 | $6,701.91 |

| | |
|---|---|
| **Total Unpaid Overtime and Minimum Wages**[1] | $ 6,701.91 |
| **Total Liquidated Damages**[1] | $ 6,701.91 |
| **Total**[1] | $ 13,403.82 |

[1]Numbers are averages, estimates, and/or approximates. Time and payroll records are in the possession and/or control of Defendants. The amount of damages claimed in this statement of claim, and the amount of damages claimed in the Complaint, may change as information is uncovered through the discovery process.
[2]Florida Minimum Wage rate in effect at time of claim.  Federal Minimum wage rate is/was $7.25.



March 19, 2019

To Whom it May Concern

**Reference: Leslie Santos – Confirmation of Employment**

This letter is to confirm that Leslie Santos of 12395 NW 15th Street, Pembroke Pines, Florida 33026 is employed with Cornerstone Vacation Ownership LLC in the full-time position of Corporate Receptionist based at our Florida sales office located at 3101 North Federal Highway, Suite 800, Fort Lauderdale, Florida 33306.

Ms. Santos commenced employment with Cornerstone Vacation Ownership LLC on January 21, 2019 and is compensated at $15.00 per hour.

If you require additional information, please do not hesitate to contact the undersigned.

Sincerely,

**Doreen Firman**
Cornerstone Vacation Ownership LLC
Vice President Administration and Human Resources
E-Mail: hr@cornerstonevo.com
Telephone: 800.272.1280 ext. 7205

DF/df

CC: Employee File

Corporate Headquarters: Cornerstone Vacation Ownership LLC, 3101 North Federal Hwy, Fort Lauderdale, FL USA 33306/Telephone: 800-272-1280 ext. 7800
Oceania Sales Center: Cornerstone Vacation Ownership LLC, 400-B North Kings Highway, Myrtle Beach, SC USA 29577/Telephone: 800-272-1280 ext. 7102
Toronto Sales Centre: 9100 Jane Street, Building A, Suite 201, Vaughan ON, Canada L4K 0K4/800-272-1280 ext. 7101
Canadian Head Office: Cornerstone Vacation Ownership LLC, 191 Hurontario Street, Suite 10, Collingwood ON, Canada L9Y 2M1/800-272-1280
Web: www.cornerstonevo.com / E-Mail: hr@cornerstonevo.com